# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# LONDON DIVISION

| | |
|---|---|
| **PAULETTE FARMER,**<br><br>    **Plaintiff,**<br>v.<br><br>**AETNA LIFE INSURANCE COMPANY,**<br><br>    **Defendants.** | Civil Action No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Aetna Life Insurance Company ("Aetna" or "Defendant") hereby files this Notice of Removal of this case from the Circuit Court of Knox County, Kentucky, Case No. 17-CI-00439, where it is currently pending, to the United States District Court for the Eastern District of Kentucky. As discussed below, removal of this action is proper pursuant to this Court's federal question subject matter jurisdiction under 28 U.S.C. § 1331 and § 1441, because Plaintiff's claims against Aetna invoke the Court's federal question jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. As an alternative basis, this Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the plaintiff and the defendant and the amount in

controversy exceeds the sum of $75,000, exclusive of interest and costs. Defendant respectfully shows the Court as follows:

1. Plaintiff Paulette Farmer instituted a civil action against Aetna in the Circuit Court of Knox County, Kentucky, on December 11, 2017. True and correct copies of the Complaint and Summons, which are all of the pleadings, process, and orders served upon Aetna in the Circuit Court action, are attached hereto collectively as Exhibit A.

2. Plaintiff's Complaint was served upon CT Corporation, as service-of-process agent for Aetna, on December 15, 2017. Accordingly, this Notice of Removal is filed within thirty (30) days after receipt by Aetna of the initial pleading on which the aforesaid action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

3. This action could have been originally filed in this Court pursuant to 28 U.S.C. § 1331, in that Plaintiff's claim invokes this Court's federal question jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and its diversity jurisdiction pursuant to 28 U.S.C. § 1332.

4. The United States District Court for the Eastern District of Kentucky is the federal judicial district embracing the Circuit Court of Knox County, Kentucky, where this suit was originally filed. Venue is therefore proper under 28

U.S.C. §§ 97(a) and 1441(a).

## FEDERAL QUESTION JURISDICTION

5. In her Complaint, Plaintiff alleges that she was insured under long-term disability ("LTD") and life insurance policies issued by Aetna to her employer, Computer Sciences Corporation ("CSC"), which insured eligible employees of the company in their capacity as benefit plan participants. *See* Exhibit A at 7 (¶ 9). Based upon an alleged termination of Plaintiff's LTD and life waiver-of-premium ("WOP") benefits, she seeks full contractual benefits, life-insurance coverage, attorney's fees, punitive and emotional pain and suffering damages, and any and all legal and equitable relief. Exhibit A at 12 ("Demand for Relief" paragraph).

6. Aetna issued Group Policy No. GP-838912 (the "Policy") to CSC to insure the long-term disability ("LTD") and life insurance components of CSC's employee welfare benefit plan (the "Plan"), which is an "employee welfare benefit plan," 29 U.S.C. § 1002(1), under ERISA. Plaintiff was a participant in the Plan based on her employment with CSC. *See* Exhibit A at 7 (¶ 9-10). A copy of the LTD Booklet and Schedule of Benefits is attached hereto as Exhibit B. It expressly states that it is part of an ERISA plan and includes additional information expressly addressing ERISA rights, procedures, and information. *See* Exhibit B at

30-32, 35[1].

7. Although Plaintiff asserts claims couched in the language of a state-law contract and tort action, the United States Supreme Court has held that where Congress so completely preempts a particular area of law, the lawsuit arising under state law becomes federal in character. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987); *see also Milby v. Liberty Life Assur. Co.*, 102 F. Supp. 3d 922, 927 (W.D. Ky. 2015). Indeed, the Supreme Court has recognized that the comprehensive remedial scheme established by ERISA for loss or denial of employee benefits is one area where Congress intended to provide for complete or super preemption of state law claims. *Taylor* at 64-67; *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004) (noting that causes of action within the scope of § 1132(a) are removable). "As a defense, [federal preemption] does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court. . . . One corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Taylor*, 481 U.S. at 63-64 (citation omitted). Thus, ERISA "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id.* at 65. "Accordingly, this suit,

---

[1] Because there are multiple sets of page numbers in Exhibit B, the pin cites refer to those of the paginated PDF.

though it purports to raise only state law claims, is necessarily federal in character by virtue of the clearly manifested intent of Congress. It, therefore, 'arise[s] under the . . . laws . . . of the United States,' 28 U.S.C. § 1331, and is removable to federal court by the defendants[.]" *Id*. at 67. Therefore, when a plaintiff is seeking relief that could have been brought under § 1132, such as Plaintiff here, that action is completely preempted by ERISA. *Davila,* 542 U.S. at 210.

8. In this action, it is abundantly clear that Plaintiff's claims are completely preempted by ERISA as her Complaint explicitly seeks to recover insurance benefits under, or address actions taken in the administration of, the Policy. *See* Exhibit A at 9 (¶¶ 24-25), 10 (¶ 31), 10-11 (¶¶ 32-36, 39-42), 12 ("Demand for Relief" paragraph). Moreover, despite alleging in a conclusory manner that the Plan does not meet the qualifications of ERISA, Plaintiff tacitly admits that the Plan may be subject to ERISA by alternatively alleging ERISA causes of action and expressly seeking benefits under 29 U.S.C. § 1132(a)(1)(B). *See* Exhibit A at 11-12 (¶¶ 45-51).

9. For the foregoing reasons, Plaintiff's claims seek to recover benefits and enforce rights under an ERISA-governed plan. This Court therefore has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) and (f). Accordingly, this cause of action, which could have originally been filed in this Court, is subject to removal under 28 U.S.C. § 1441(a) as an

action arising under federal law.

## DIVERSITY JURISDICTION

10. Plaintiff alleges that she is a resident and citizen of Kentucky. *See* Exhibit A at 6 (¶ 4).

11. Aetna is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut. Pursuant to 28 U.S.C. § 1332(c)(1), Aetna is a citizen of the State of Connecticut. Aetna is not now, and was not at the time of the filing of the Complaint, a citizen or resident of the Commonwealth of Kentucky within the meaning of the Acts of Congress relating to the removal of cases.

12. This action is therefore between citizens of different states, thus establishing complete diversity of citizenship between the parties as required by 28 U.S.C. § 1332(a).

13. In order to meet the $75,000 jurisdictional threshold in this case with an unspecified claim for damages, Defendant need show only that the amount in controversy "more likely than not" exceeds the jurisdictional requirement. *See Williamson v. Aetna*, 481 F.3d 369 (6th Cir. 2006) (finding claims removable when it was more likely than not that potential cost of state claims to defendant would exceed $75,000, even though plaintiffs had stipulated that they would not seek damages in excess of $75,000). In this case, Defendant can remove to

federal court if it can show, by a preponderance of the evidence, facts supporting jurisdiction. A lower burden of proof is warranted where damages are unspecified, such as in the instant case (as there is no *ad damnum* clause), because there is simply no estimate to which a court may defer.

14. Aetna denies that it breached the insurance policy or violated Kentucky law. Nonetheless, in evaluating whether subject-matter jurisdiction exists for the purposes of removal, the Court need only look to what amount is "in controversy."

15. Plaintiff alleges that Aetna's termination of benefits in 2015 constituted breach of contract and a violation of the Kentucky Unfair Claims Settlement Practices Act for "terminat[ing] LTD benefits and WOP . . . in bad faith and without just cause." Exhibit A at 9 (¶ 28), 10 (¶ 32). Due to this alleged conduct, Plaintiff demands "[j]udgment against Defendant for full contractual benefits," judgment requiring Aetna to provide $38,000 in life insurance coverage, attorney's fees, punitive and emotional pain and suffering damages, and equitable relief. Exhibit A at 12 ("Demand for Relief" paragraph). With back benefits of around $19,000, even a minimal multiplier for other damages, would put the amount in controversy over the $75,000.00 jurisdictional threshold set forth by

28 U.S.C. § 1332. Consequently, the amount in controversy requirement for diversity jurisdiction is satisfied.[2]

## MISCELLANEOUS

16. A copy of this Notice of Removal is being filed with the Circuit Court of Knox County, Kentucky, as provided by law, and written notice is being sent to Plaintiff's Counsel.

17. Along with this Notice of Removal, Aetna will tender to the Clerk of this Court the funds necessary to secure removal.

18. This Notice of Removal is filed within thirty (30) days after receipt by Aetna of the initial pleading on which the aforesaid action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

19. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

20. The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Eastern District of Kentucky.

21. If any question arises as to the propriety of this removal, Aetna respectfully requests the opportunity to present a brief and argument in support of its position.

---

[2] Because federal question jurisdiction clearly exists due to ERISA preemption, diversity merely supplies additional grounds for this Court's exercise of jurisdiction. However, if the Court deems necessary, Aetna can supplement its argument regarding diversity jurisdiction.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Aetna Life Insurance Company, by and through its undersigned counsel, prays that the above action currently pending against it in the Circuit Court of Knox County, Kentucky, be removed to this Court.

Respectfully submitted this 11th day of January 2018.

/s/ William B. Wahlheim, Jr.
William B. Wahlheim, Jr.
Grace R. Murphy
*Attorneys for Defendant Aetna Life Insurance Company*
[application for admission *pro hac vice* to be filed]

**OF COUNSEL:**
Maynard, Cooper & Gale, P.C.
2400 Regions/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
(205) 254-1000

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing Notice of Removal has been served upon the following counsel of record to this proceeding by placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid this 11th day of January 2018:

Timothy E. Geertz  
Law Offices of Timothy E. Geertz, PLLC  
2333 Alexandria Drive  
Lexington, Kentucky 40504  
Counsel for Plaintiff

                                         */s/ William B. Wahlheim, Jr.*  
                                         OF COUNSEL