# Exhibit A
# State-Court Documents



# Service of Process Transmittal

12/15/2017
CT Log Number 532473864

| | |
|---|---|
| **TO:** | Myrna Goodrich, Paralegal<br>Aetna, Inc.<br>Law U23S, 1425 Union Meeting Road<br>Blue Bell, PA 19422 |
| **RE:** | Process Served in Kentucky |
| **FOR:** | Aetna Life Insurance Company  (Domestic State: CT) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | PAULETTE FARMER, PLTF. vs. AETNA LIFE INSURANCE COMPANY, DFT. |
| **DOCUMENT(S) SERVED:** | Summonses, Complaint |
| **COURT/AGENCY:** | Knox County Circuit Court, KY<br>Case # 17CI00439 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Frankfort, KY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 12/15/2017 postmarked on 12/11/2017 |
| **JURISDICTION SERVED :** | Kentucky |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days following the day this paper is delivered to you |
| **ATTORNEY(S) / SENDER(S):** | Timothy E. Geertz<br>Law Offices of Timothy E. Geertz, PLLC<br>2333 Alexandria Drive<br>Lexington, KY 40504<br>859-299-2929 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/15/2017, Expected Purge Date: 12/20/2017<br><br>Image SOP<br><br>Email Notification,  Desiree Beatty  beattyd@aetna.com<br><br>Email Notification,  Jacqueline West  WestJ2@AETNA.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>306 W. Main Street<br>Suite 512<br>Frankfort, KY 40601<br>609-538-1818 |

Page 1 of  1 / DK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



GREG HELTON
CIRCUIT COURT CLERK
KNOX CIRCUIT & DISTRICT COURTS
KNOX COUNTY COURTHOUSE ANNEX
401 COURT SQUARE, P.O. BOX 760
BARBOURVILLE, KENTUCKY 40906-0760

CI   17-CI-00439
627365



CERTIFIED MAIL

7017 0530 0000 9337 6315



U.S. POSTAGE >> PITNEY BOWES
ZIP 40906  $ 006.77
02 4W
0000340095 DEC. 11. 2017

AETNA LIFE INSURANCE,
CT CORPORATION SYSTEM
306 WEST MAIN STREET, SUITE 512
FRANKFORT KY 40601

406013 1840 C003

| AOC-105 Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice  www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Case No. 17-CI-439<br>Court ☑ Circuit ☐ District<br>County Knox |

**PLAINTIFF**

PAULETTE FARMER

VS.

**DEFENDANT**

AETNA LIFE INSURANCE COMPANY

**Service of Process Agent for Defendant:**

CT Corporation System

306 West Main Street, Suite 512

Frankfort                                              Kentucky                    40601

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within 20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: 12-11-17, 2____

By: _____ Clerk
_____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this ____ day of _____, 2_____.

Served by: _____

_____ Title

| AOC-105    Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice   www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Case No. _17-CI-439_<br>Court ☑ Circuit ☐ District<br>County   Knox |
|---|---|---|

**PLAINTIFF**

PAULETTE FARMER

VS.

**DEFENDANT**

AETNA LIFE INSURANCE COMPANY

**Service of Process Agent for Defendant:**

CT Corporation System

306 West Main Street, Suite 512

Frankfort        Kentucky     40601

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _12-11-17_, 2____   _____ Clerk
                          By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this ____ day of _____, 2____.

Served by: _____

_____ Title

FILED
GREG HELTON
DEC 11 2017
KNOX CIRCUIT/DISTRICT COURT
BY _____ D.C.

COMMONWEALTH OF KENTUCKY
KNOX CIRCUIT COURT
DIVISION ___2___
CIVIL ACTION NO.: 17-CI-_____439_____

PAULETTE FARMER            PLAINTIFF

vs.        **COMPLAINT AND JURY DEMAND**

AETNA LIFE INSURANCE COMPANY            DEFENDANT

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

## INTRODUCTION

1. Plaintiff seeks legal and equitable damages arising from and relating to a long-term disability policy and life insurance policy, which were both issued and administered by Defendant.

2. The headings set forth herein are intended to assist Defendant in reviewing the statements and allegations therein. Plaintiff hereby reaffirms and reincorporates each paragraph of each section as though fully set forth under each heading.

3. The factual allegations found in this Complaint and Jury Demand are not exhaustive facts, but provided to give Defendant notice of the basis of Plaintiff's allegations.

## PARTIES

4. Plaintiff Paulette Farmer resides in Gray, Knox County, Kentucky.

5. Defendant Aetna Life Insurance Company (d/b/a Aetna) is an insurance company formed under the laws of the state of Connecticut and is authorized to do business in the Commonwealth of Kentucky by holding a Kentucky Certificate of Authority.

6. Defendant's service of process agent is CT Corporation System located at 306 West Main Street, Suite 512, Frankfort, KY 40601.

1

## JURISDICTION & VENUE

7. This Court has jurisdiction as the amount in controversy exceeds the minimum jurisdictional amount for this Court.

8. Venue is proper as some or all of the facts that form the basis of the Complaint and Jury Demand occurred in Knox County, Kentucky.

## FACTS

9. Plaintiff was last employed as a Service Center Supervisor with Computer Sciences Corporation, and had been working for her employer since May 2000.

10. Defendant supplied and issued policies for disability and life insurance to the Plaintiff by virtue of group insurance policies that insured the employees of Computer Sciences Corporation.

11. Upon information and belief, the policy number for the long-term disability ("LTD") policy and life insurance policy, which insured the Plaintiff, is believed to be 838912.

12. The aforementioned insurance policy contains provisions allowing Plaintiff to be defined as disabled and thus receive LTD benefits, if she meets the following definition as set forth in said policy of insurance:

> You cannot perform the material duties of your own occupation solely because of an illness, injury or disabling pregnancy-related condition; and
> Your earnings are 80% or less of your adjusted pre-disability earnings.
>
> After the first 24 months of your disability that monthly benefits are payable, you meet the plan's test of disability on any day you are unable to work at any reasonable occupation solely because of illness, injury or disabling pregnancy-related condition.

13. Defendant also provides for a waiver of premium (WOP) for life insurance coverage, if the Plaintiff meets the following definition of permanent and total disability:

> You will be considered permanently and totally disabled under this plan if disease or injury prevents you from:
> Working at your own job or any other job for pay or profit; and

> Being able to work any reasonable job. A 'reasonable job' is any job for pay or profit which you are, or may reasonable become, qualified for by education, training, or experience.

14. Plaintiff became disabled and was unable to return to work on or about September 16, 2013.

15. The Social Security Administration determined that Plaintiff was disabled from any occupation as of September 16, 2013.

16. Defendant approved Plaintiff's claims for LTD benefits and a Waiver of Premium (WOP) for life insurance coverage in the amount of $38,000.

17. In letters from the Defendant dated October 30, 2015, and November 3, 2015, the Defendant denied Plaintiff's claim for further LTD benefits and for WOP for life insurance coverage.

18. In a letter from the Plaintiff to the Defendant dated April 20, 2016, the Plaintiff appealed Defendant's decision to deny her LTD benefits and WOP for life insurance coverage.

19. In a letter from Defendant dated September 2, 2016, Defendant informed Plaintiff that it had made a final decision to uphold its decision to deny Plaintiff's WOP of life insurance benefits, and that Plaintiff now had a right to bring a lawsuit against the Defendant.

20. In a letter from Defendant dated September 19, 2016, Defendant informed Plaintiff that it had approved Plaintiff's LTD benefits through March 14, 2016, but were denying her LTD benefits beyond March 15, 2016.

21. In a letter from Plaintiff to the Defendant dated March 17, 2017, the Plaintiff appealed the denial of further LTD benefits.

22. In a letter from the Defendant to the Plaintiff dated November 6, 2017, the Defendant upheld its denial of further LTD benefits, and informed the Plaintiff that Defendant had

made its final decision, no other action would be taken by the Defendant, and Plaintiff now had the right to file a lawsuit against the Defendant.

23. Plaintiff supplied Defendant with overwhelming medical records and reports documenting and supporting the fact that Plaintiff is disabled per the terms of her insurance policies with the Defendant, and satisfies the definition of disability contained in the aforementioned policy of insurance for LTD benefits and WOP for continued life insurance coverage.

24. Plaintiff has met and continues to meet the requirements for benefits under her disability and life insurance policy.

25. The administrative record fully supports the fact that the Plaintiff is disabled, pursuant to the terms of her insurance policies with the Defendant, and Plaintiff should continue to receive benefits, including LTD benefits and WOP for life insurance coverage.

26. Plaintiff's complaint is timely and is not otherwise time barred.

## CLAIMS

### COUNT I – BREACHES OF CONTRACT

27. Plaintiff has a contract for insurance with the Defendant that provides for LTD benefits and life insurance coverage.

28. Contrary to the terms of Plaintiff's policies with the Defendant, the Defendant has decided to deny Plaintiff's LTD benefits beyond March 14, 2016, and Defendant has also denied Plaintiff's WOP for continued life insurance coverage beyond November 4, 2015, and this constitutes breaches of contract.

29. Defendant's failure to pay LTD benefits and WOP for continued life insurance coverage is a violation of the terms of Plaintiff's policies.

30. Defendant has wrongfully, and in contrast to the overwhelming evidence contained within the administrative file, denied further payment of the Plaintiff's LTD benefits and life insurance coverage that it owes to the Plaintiff pursuant to the terms of the applicable policies of insurance.

31. As a result of Defendant's breaches the Plaintiff has been damaged, and Plaintiff seeks benefits due and life insurance coverage, in addition to, attorney's fees, costs, interest and other relief.

## COUNT II – VIOLATION OF UNFAIR CLAIMS SETTLEMENT PRACTICES ACT

32. Defendant's decision to terminate LTD benefits and WOP for continued life insurance coverage was made in bad faith and without just cause, and indicates a reckless disregard for the Plaintiff's rights, in violation of the Unfair Claims Settlement Practice Act (KRS 304.12-230).

33. Defendant continues to breach its statutory duties under KRS 304.12-230.

34. As a direct result of Defendant's actions, Plaintiff has been damaged.

35. The above actions by Defendant have directly and proximately caused emotional and mental pain and suffering, anxiety, inconvenience, and financial difficulty, all of which would not have occurred but for the wrongful conduct of the Defendant.

36. Plaintiff seeks compensatory, equitable, and punitive damages against Defendant, along with attorney's fees, costs, interest and other relief.

## COUNT III – BREACH OF DUTY TO ACT IN GOOD FAITH

37. Defendant owed a duty to act in good faith in the handling of Plaintiff's claims.

38. Defendant's actions support that Defendant failed to act in good faith.

39. Defendant lacks a reasonable basis to deny Plaintiff's LTD benefits and WOP for continued life insurance coverage, is obligated to pay her LTD benefits and WOP for

continued life insurance coverage under the terms of the applicable policies, and Defendant knew or should have known it has acted recklessly in stating that there is a reasonable basis when, in fact, there is none.

40. Defendant continues to breach its duty to act in good faith.

41. As a direct result of Defendant's actions, Plaintiff has been damaged.

42. The above actions by the Defendant have directly and proximately caused emotional and mental pain and suffering, anxiety, inconvenience, and financial difficulty, all of which would not have occurred but for the wrongful conduct of the Defendant.

43. The aforesaid conduct of the Defendant is reckless and grossly negligent, entitling Plaintiff to punitive damages.

44. Plaintiff seeks compensatory, equitable, and punitive damages against Defendant, along with attorney's fees, costs, interest and other relief.

## COUNT IV – VIOLATIONS OF ERISA

45. The Plan and insurance policies that provide for LTD benefits and WOP for continued life insurance coverage for the Plaintiff do not meet the qualifications of an Employee Retirement Income Security Act (ERISA) plan.

46. In the alternative to allegation number 45, the Defendant's actions violate ERISA.

47. Pursuant to ERISA §502(a)(1)(B) and 29 U.S.C. §1132(a)(1)(B), Plaintiff seeks to recover her LTD benefits which were denied by Defendant and to reinstate her WOP for continued life insurance coverage, and also pre-judgment and post-judgment interest.

48. As a result of the Defendant's conduct, Plaintiff has incurred attorney's fees and costs.

49. Pursuant to ERISA §502(g) and 29 U.S.C. §1132(g), Plaintiff seeks her attorney's fees and costs expended herein.

50. Defendant's decision to deny Plaintiff's LTD benefits and WOP for continued life insurance coverage is arbitrary and capricious and against the greater weight of the evidence that was tendered to Defendant.

51. Defendant should be enjoined from denying benefit payments owed to Plaintiff under Plaintiff's insurance policies with the Defendant and enjoined from denying a waiver of premium for continuing life insurance coverage.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff Paulette Farmer demands the following relief:

A. Trial by jury;

B. Judgment against Defendant for full contractual benefits, including but not limited to past due LTD benefits;

C. Judgment against Defendant to provide Plaintiff with life insurance coverage per her policy, including a Waiver of Premium for continued life insurance coverage;

D. That the Court award pre-judgment and post-judgment interest;

E. That the Court award reasonable attorney's fees;

F. That the Court award court costs;

G. An award for punitive damages to punish and deter Defendant from similar conduct;

H. Compensation for inconvenience and emotional pain and suffering caused by the Defendant's actions during the claims and administrative review processes; and

I. Any and all legal or equitable relief the Plaintiff may be entitled to.

Respectfully Submitted:

/s/ Timothy E. Geertz

TIMOTHY E. GEERTZ
Law Offices of Timothy E. Geertz, PLLC
2333 Alexandria Drive
Lexington, Kentucky 40504
Telephone: 859-299-2929
Facsimile: 859-201-1141
Email: tim@geertzlaw.com
*Attorney for Plaintiff Paulette Farmer*